**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

James Allen Martin,

       Petitioner,

v.

Dennis Benson,

       Respondent.

Civ. No. 11-347 (DSD/JJK)

**REPORT AND
RECOMMENDATION**

James Allen Martin, 1111 Highway 73, Moose Lake, MN 55767-9452, *pro se* Petitioner.

Matthew Frank, Esq., and Steven H. Alpert, Esq., Minnesota Attorney General's Office, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the undersigned on James Allen Martin's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1).  Respondent has moved to dismiss the Petition.  The matter has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, this Court recommends that Petitioner's habeas corpus Petition be denied, and this action be dismissed without prejudice.

**ANALYSIS**

Petitioner, who is in civil commitment at the Minnesota Sex Offender Program ("MSOP"), seeks release from confinement. He is not basing his habeas challenge on anything having to do with the civil commitment order or the proceedings that led to his civil commitment. (Doc. No. 16, Pet'r's Reply Mem. 1 ("Petitioner is not challenging the validity of his original civil commitment order.").) Rather, he contends that changes in the Minnesota statutes, enacted after he was confined, have resulted in conditions of confinement that are so punitive in nature that his constitutional rights are being violated. (*Id.* at 2–5.) In addition, he contends that the state's failure to provide adequate treatment to MSOP detainees has resulted in unconstitutional detention because there is no possibility for release. (*Id.* at 8–9, 13.)

These condition-of-confinement claims are not the proper subject of a habeas action. Petitioner is not challenging in this case either the validity of his commitment order or the length of his detention, which was indefinite. His complaint is that the conditions that have arisen as a result of the statutory amendments—including being treated like a prisoner and not receiving adequate mental health treatment—have turned the civil commitment into a punishment in violation of the Double Jeopardy Clause and have made it impossible for a detainee to qualify to be released.

The proper remedy for such conditions-of-confinement claims is not

habeas corpus relief; rather, it is a civil rights action in which the Court could enjoin the unconstitutional conduct or issue a court order that ameliorates the unconstitutional condition or award damages.  State detainees are not entitled to a writ of habeas corpus effecting release from custody based on a conditions-of-confinement claim, even if the constitutional claim is meritorious.

As explained by the Eighth Circuit:

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy . . . . Where Petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

*Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (citations omitted); *see also Lineberry v. United States*, 380 Fed. Appx. 452, 453 (5th Cir. 2010) (holding that where "a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody" . . . "[t]he proper remedy is to require the discontinuance of a practice or to require the correction of an unconstitutional condition"); *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) ("[If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option."); *Closs v. Weber*, 238 F.3d 1018, 1023 (8th Cir. 2001) (summarily concluding that claims of retaliation were properly excluded from § 2254 petition); *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990)

3

("[E]ven if a prisoner proves an allegation of mistreatment in prison that amounts to cruel and unusual punishment, he is not entitled to release," but rather "[t]he appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment during legal incarceration is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment.").

Claims of the sort alleged by Petitioner have recently been alleged in several complaints filed in this District; those cases, however, were properly commenced as § 1983 civil rights actions, not habeas actions. *See, e.g.*, *Thompson v. Ludeman*, No. 11-1704 (DWF/JJK), Doc. No. 9, Am. Comp. (D. Minn. Aug. 2, 2011); *see also id.* at Doc. No. 50, Amended Order (D.Minn. Feb. 6, 2012) (staying all current and future civil rights cases brought by an individual or group of individuals who has or have been civilly committed to the MSOP pending the resolution of the pending motion for class certification in Civil No. 11-3659 (DWF/JJK)); *id.* at Doc. No. 51, Order (D.Minn. Feb. 8, 2012) (staying Case No. 11-1704 (DWF/JJK), and directing an amended complaint be filed in Case No. 11-3659 (DWF/JJK), among other things). Because Petitioner may possibly have viable § 1983 claims, the dismissal of this habeas petition, which is based on the defect of Petitioner having filed claims for which habeas corpus relief is unavailable, does not bar Petitioner from filing a civil rights action based on these same claims. Accordingly, this Court recommends that the Petition be denied

without prejudice.

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Date:  February 23, 2012

                                       *s/ Jeffrey J. Keyes*
                                       JEFFREY J. KEYES
                                       United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 8, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.